UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DR. WILLIAM S. ROSS AND CYNTHIA ROSS                    PLAINTIFFS

V.                                          CIVIL ACTION NO. 1:07cv521-LTS-RHW

METROPOLITAN PROPERTY AND CASUALTY                       DEFENDANTS
INSURANCE COMPANY, ECONOMY PREMIER
ASSURANCE COMPANY, AND JOHN DOES 1-10

## ORDER

This order disposes of the motions by Defendants [72] for a change of venue, [73] for bifurcation of trial proceedings, and [70] to sever claims for separate trials. The Court reserves for another time the other pending motions.

### I.

The motion to change venue in the instant case virtually mirrors the one filed in *Wagner v. Metropolitan Property and Casualty Insurance Co., et al.*, No. 1:07cv969, which this Court denied (docket entry [144]). The only difference is that the instant motion was filed after a state court trial in Jackson County, Mississippi (*Lisanby v. USAA*–Jackson County was the location of the Lisanbys' Hurricane Katrina damaged home), and includes material (both press coverage and weblogs (a/k/a blogs)) related to that case. This does not change the Court's analysis, since cases have been tried in this Court since *Broussard v. State Farm Fire and Casualty Co.*, 523 F.3d 618 (5th Cir. 2008) (upholding this Court's denial of a motion for change of venue), with the result being that fair trials for all parties have not been compromised, even when media attention has been given to a particular trial. The motion in this case is no more valid than in *Wagner* and will be denied. This ruling renders moot Plaintiffs' [87] Motion to Strike the change of venue motion.

### II.

As for bifurcation, separate proceedings at the same trial will be held with respect to the coverage claim, on the one hand, and the punitive/extra-contractual damages issue, on the other. This is consistent with the Court's prior rulings and Mississippi law, Miss. Code Ann. § 11-1-65. Plaintiffs' citation of *Great American Insurance Co. of New York v. Lowry Development, LLC*, No. 1:06cv97, is not persuasive on this issue because that case is not, as Plaintiffs describe it in their [94] response, "a similarly situated matter." However, Plaintiffs will be allowed to address punitive damages in *voir dire*, and if the jury is allowed to consider punitive damages after the coverage question is decided, all counsel will be able to make separate statements on that issue. *See, e.g., Duffy v. Economy Premier Assurance Co.*, No. 1:06cv1195 (docket entry [73]).

Furthermore, as the Court has stated numerous times, it is difficult to envision a breach of an insurance contract suit without consideration of the policy provisions or the procedure utilized in handling the claim. *See, e.g., Richards v. Allstate Insurance Co.*, 693 F.2d 502 (5th Cir. 1982); *Eichenseer v. Reserve Life Insurance Co.*, 682 F. Supp. 1355 (N.D. Miss. 1988), *aff'd*, 881 F.2d 1355 (5th Cir. 1989), *vacated on other grounds*, 499 U.S. 914 (1991); *Independent Life & Accident Insurance Co. v. Peavy*, 528 So. 2d 1112 (Miss. 1988); *Standard Life Insurance Company of Indiana v. Veal*, 354 So. 2d 239 (Miss. 1977). This would be the case even if punitive or extra-contractual damages were not sought. Therefore, Plaintiffs will be allowed to introduce evidence in the initial phase concerning the manner in which Defendants handled this claim (keeping in mind that the Court will instruct the jury on the applicable law), whether that relates to the policy provisions or the procedure adopted by Defendants in applying them.

III.

At first blush, Defendants' [70] Motion to Sever Claims for Separate Trials appears to be without merit, because Plaintiffs represent in their [98] response that they "have not filed suit against Defendants for the losses they suffered due to Hurricane Ivan." However, this representation is made in the face of a [1] Complaint that makes several references to Hurricane Ivan. *See* Complaint n. 1 and ¶¶ 21, 38, 40, 63. A generic *ad damnum* section adds no comfort.

In addition, in their response to Defendants' motion, "Plaintiffs contend the adjustment and payment of the Hurricane Ivan claim by the Defendants is relevant and material to this cause of action concerning damages to Plaintiffs' property as a result of Hurricane Katrina." Then comes this troubling statement in the response: "Plaintiffs are claiming the payment made by Defendants on or about November 22, 2005, for the damages from Hurricane Ivan was delayed, and that such constitutes evidence of Defendants' bad faith adjustment practices and pattern of delay and denial which continued with Hurricane Katrina." Plaintiffs multiply the confusion by making reference in their response to "all of their claims" and "two separate claims."

It is one thing to say that "[t]he Hurricane Ivan payment of November 2005 is inextricably intertwined with the adjustment and partial payment of Plaintiffs' Hurricane Katrina claim." It is entirely another to so intertwine them that the Defendants' claim handling practices carried over from Ivan to Katrina to create a pattern or course of conduct of alleged bad faith, thereby lending credence to Defendants' position that the Court will be in a position of trying separate claims.

It is unclear whether Plaintiffs are claiming that they have not received full payment for covered damages caused by Hurricane Ivan, but the Court must take at face value Plaintiffs' assertion that they have not filed a claim for insurance benefits arising from that storm. Plaintiffs will not be allowed to claim benefits from Ivan and, at the same time, they may not consolidate the handling of the respective Ivan and Katrina claims to establish "bad faith adjustment practices and pattern of delay and denial" continuing from Ivan into Katrina. This would necessitate a trial of both claims, resulting in inconvenience, prejudice, and confusion for the Court and all parties.

At the same time, although Defendants opened separate files for losses sustained by Plaintiffs in the two storms, the record indicates that the adjustment of each overlapped in time and that the decision to pay the Ivan claim may have had some bearing on the payment of the Katrina claim, in that loss was acknowledged at an elevation of 6' and below for Ivan and 6' feet and above for Katrina.  Given that at least one or more of Defendants' personnel or agents handled both claims, how the damage from the respective storms was determined may be relevant in establishing the cause of the damage sustained in Katrina, which is the only issue before the Court.  In other words, there may be common issues of fact (created by Defendants) but not common questions of law (Plaintiffs may not predicate a bad faith claim on the adjustment practices of the Ivan loss).  As Plaintiffs put it in their [98] response, without evidence of the separate payments for Ivan and Katrina, "the jury simply cannot have a complete picture of what structural damages have and have not been paid for. . . .  Because the two claims overlapped and information obtained from one claim was utilized in the other claim, *separation* of evidence of payments relating to the two claims would cause confusion."  (Emphasis in original)  Put another way, the "evidence offered on the claims is not wholly distinct . . . ."

It should be understood that there are no separate and distinct "claims," and to that extent there will be no severance.  The trial will be limited to the contractual liability and damages connected with Hurricane Katrina.  Any evidence not including the handling of the Ivan claim but related to payments made for it may be relevant to that issue.  *See generally* Fed. R. Civ. P. 42.

Accordingly, **IT IS ORDERED**:

The [72] Motion to Change Venue is **DENIED**, and Plaintiffs' [87] Motion to Strike is **MOOT**;

The [73] Motion to Bifurcate Proceedings is **GRANTED**, consistent with the above comments.  Plaintiffs will be allowed to address the issue of punitive/extra-contractual damages in *voir dire* subject to further direction from the Court.  The underlying coverage/contractual claim and the entitlement to punitive/extra-contractual damages will be determined in a bifurcated proceeding, with counsel being allowed to make statements at the beginning of each phase.

The [70] Motion to Sever Claims for Separate Trials is **GRANTED IN PART AND DENIED IN PART**, consistent with the above comments.

**SO ORDERED** this the 25th day of August, 2008.

s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE