UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DR. WILLIAM S. ROSS and CYNTHIA ROSS**                                      **PLAINTIFFS**

**V.**                                                       **CIVIL ACTION NO.1:07CV521 LTS-RHW**

**METROPOLITAN PROPERTY and CASUALTY**
**INSURANCE COMPANY, ET AL.**                                                 **DEFENDANTS**

## MEMORANDUM OPINION and ORDER

The Court has before it the motion [75] of Metropolitan Property and Casualty Insurance Company and Economy Premier Assurance Company (the two defendants will be referred to as Metropolitan) asking for entry of an order that establishes the legal effect of the plaintiffs' having recovered flood insurance benefits on the insured property.

Plaintiffs are the named insureds under a homeowners policy issued by Metropolitan, policy number 4287293380.  This policy insures the plaintiffs' residence at 5430 Griffin Street, Moss Point, Mississippi, providing coverage for their dwelling ($540,000), private structures ($54,010), personal property ($378,000), and loss of use ($135,000).  Plaintiffs were also the named insureds under a Standard Flood Insurance Policy (SFIP) issued by Audubon Insurance Company under the National Flood Insurance Act.  The policy limits of the plaintiffs' flood coverage ($250,000 building coverage and $100,000 contents coverage) have been paid.

The issue framed by Metropolitan's motion has already been decided in earlier Katrina cases.  The plaintiffs' actual loss is the maximum recovery they may make from all applicable policies of insurance.  Insurance contracts insure only against losses, and well-established principles of indemnity and insurable interests apply to all insurance claims under policies that are not "valued policies" under applicable statutes. See §83-13-5 Miss. Code Ann. (1972); *Estate of Murrell v. Quin*, 454 So.2d 437 (Miss.1984) (discussion in dissenting opinion of Justice Prather) citing *Doss v. Roberts*, 487 S.W.2d 839 (Tex.Civ.App.1972).

Thus the flood benefits the plaintiffs have collected will offset, dollar for dollar, their total losses, but will not offset the limits of coverage under their homeowners policy.  Should the plaintiffs prevail on the merits of their contract claim against Metropolitan, the maximum they would be entitled to collect in policy benefits would be the lesser of the policy limits of their homeowners policy or their total uncompensated losses after the flood insurance benefits they have collected are taken into consideration.

      These principles apply only to the plaintiffs' claim for contract damages under the homeowners policy.  If the plaintiffs can prove a case for punitive damages or for extra-contractual damages, these limits would not apply to those aspects of their case.

      Accordingly, it is

**ORDERED**

      That the motion [75] of Metropolitan is **GRANTED** in accordance with the terms of this opinion and order.

      **SO ORDERED** this 9th day of October, 2008.

                                        s/ <u>L. T. Senter, Jr.</u>
                                        L. T. SENTER, JR.
                                        SENIOR JUDGE