UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


DR. WILLIAM S. ROSS AND CYNTHIA ROSS                                        PLAINTIFFS

V.                                                            CIVIL ACTION NO. 1:07cv521-LTS-RHW

METROPOLITAN PROPERTY AND CASUALTY INSURANCE              DEFENDANTS
COMPANY, ECONOMY PREMIER ASSURANCE COMPANY,
AND JOHN DOES 1 THROUGH 10

## **ORDER**

There are numerous pending motions *in limine* filed by the respective parties.  This order addresses the following (the two Defendants will be referred to as Metropolitan):

1.  Metropolitan's [117] request to exclude evidence, testimony, or argument relating or referring to the interpretation of policy provisions and principles of Mississippi law is **GRANTED**.  This Court has ruled consistently that testimony, whether expert or lay, concerning the interpretation of policy provisions or legal principles is not appropriate.  The interpretation of policy provisions is an issue of law and is within the province of the Court, not the jury.  Of course, Plaintiffs will be allowed to argue and introduce factual evidence concerning the manner in which Metropolitan handled this claim, keeping in mind that the Court will instruct the jury on the applicable law.  Evidence, testimony, or argument shall be so limited.

2.  Metropolitan's [119] request to exclude testimony, reference, or mention of State Farm and other insurance carriers (i.e., other than Plaintiffs' claims arising from this particular set of circumstances) is **GRANTED**.  Metropolitan anticipates Plaintiffs may mention or make reference to conduct relating to claims submitted by third parties (including those covered by different insurance companies).  Such evidence may pose the danger of confusion of the issues, which may tend to mislead the jury and would otherwise cause delay and waste time, Fed. R. Evid. 403, and the probative value of such evidence is substantially outweighed by these dangers.  However, to the extent that the Court has also allowed discovery in other cases for losses that occurred to neighboring properties that are also covered by a plaintiff's insurer, in this case Metropolitan, then evidence of Metropolitan's handling of similar claims near Plaintiffs' property may be relevant.

3.  Metropolitan's [120] motion to preclude Plaintiffs from mentioning or introducing evidence of a request to change or transfer venue (whether in its [5] Answer or by separate motion [72], the latter of which was denied by the Court [102]) is **GRANTED**.  This disposition is subject to the condition that the topic may not be raised directly or indirectly at any time by Metropolitan (e.g., by stating that it welcomes a trial by jury in this district or division).

**SO ORDERED** this the 9th day of October, 2008.

                                                        s/ L. T. Senter, Jr.
                                                        L. T. SENTER, JR.
                                                        SENIOR JUDGE