UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DR. WILLIAM S. ROSS and CYNTHIA ROSS**                                    **PLAINTIFFS**

**V.**                                              **CIVIL ACTION NO.1:07CV521 LTS-RHW**

**METROPOLITAN PROPERTY and CASUALTY**
**INSURANCE COMPANY, ET AL.**                                              **DEFENDANTS**

## MEMORANDUM OPINION and ORDER

The Court has before it the plaintiffs' motion [124] *in limine* to exclude the testimony of Ron Dickerson (Dickerson), an adjustor for the plaintiffs' flood insurer, Audubon Insurance Group (Audubon), and to exclude any documents from the Audubon claims file.  Plaintiffs allege that information concerning Dickerson and the Audubon file were not produced by the defendant during the discovery period, and the introduction of this evidence would therefore be unfairly prejudicial.

Dickerson inspected the plaintiffs' home on behalf of Audubon after Hurricane Katrina.  The Audubon file contains written reports that reflect Dickerson's observations and conclusions after his inspection.  The Audubon file also contains damage estimates, proof of loss documents, and other documentation supporting the payment of $350,000 in flood insurance benefits to the plaintiffs.

As to his testimony at trial, whether in person or by deposition, I see nothing prejudicial about Dickerson's being allowed to describe his first hand observations or explain the basis for any conclusions he may have reached.  If, in the course of his testimony, the jury learns that Dickerson was working on behalf of an insurance company providing flood insurance, I intend to give the jury a limiting instruction to explain that he is not the representative of either the plaintiffs or the defendants and that neither party is bound by his testimony and that the jury need not be concerned with any flood insurance benefits the plaintiffs may have received, because this is a matter the Court will take into account after the jury determines the extent of wind damage to the insured property.

As to the documents in the Audubon file, it appears to me that both the plaintiffs and the defendants had equal access to this material during the discovery process.  I believe any report prepared by a testifying witness based on first hand knowledge (including Dickerson if his testimony is offered at trial live or by deposition) will be admissible.  I also believe that any document prepared or signed by the plaintiffs will be admissible.  I will consider other documents from the Audubon claims file on a document by document basis.  If the parties submit specific documents for my consideration before trial, I will make as many rulings as possible before the start of the trial.

      To the extent the payment of flood insurance benefits can be tied–through Dickinson's testimony or the documents in the Audubon claims file–directly to specific items of personal property or to specific damage to the plaintiffs' dwelling, I regard these damages as fair grounds for cross examination if the plaintiffs' claim includes these items or this specific property for which Audubon paid flood benefits.  I will allow the defendants to cross-examine on these points, and I will rely on the jury to heed my cautionary instruction.

      There is considerable danger of jury confusion if the issue of flood insurance is injected into the merits of the plaintiffs' wind claim, and I will not permit the parties to inquire regarding the amount of flood insurance the plaintiffs collected.  I will consider any cautionary or limiting instruction either party may wish to request before the trial commences.

      Accordingly, it is

**ORDERED**

That the plaintiffs' motion [124] *in limine* is hereby **DENIED.**

**SO ORDERED** this 22nd day of October, 2008.

                                              s/ L. T. Senter, Jr.
                                              L. T. SENTER, JR.
                                              SENIOR JUDGE