UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DR. WILLIAM S. ROSS and CYNTHIA ROSS**                              **PLAINTIFFS**

**V.**                                            **CIVIL ACTION NO.1:07CV521 LTS-RHW**

**METROPOLITAN PROPERTY and CASUALTY**
**INSURANCE COMPANY, ET AL.**                                         **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

The Court has before it the motion [118] *in limine* of Economy Premiere Assurance Company (EPAC) seeking to exclude the plaintiffs' testimony concerning their mental and emotional distress. For the reasons set out below, I will deny EPAC's motion, but I will also limit the use of the plaintiffs' testimony.

In support of its motion, EPAC asserts that neither of the plaintiffs has been designated as an expert medical witness and that neither of the plaintiffs is qualified to express the opinion that their mental and emotional distress was caused by the defendant's alleged misconduct. In the absence of this medical opinion, EPAC contends, there can be no recovery for the negligent infliction of emotional distress.

Plaintiffs assert that neither of them intends to give expert medical testimony on the issue of causation, but both of them intend to testify concerning their personal and subjective experiences in connection with their insurance claim against EPAC. Plaintiffs contend that their testimony will be an account of their subjective reactions to these experiences, i.e. an account of the mental and emotional distress they experienced in dealing with EPAC's representatives. Plaintiffs assert that this is an opinion based on first hand knowledge admissible through a non-expert under Rule 701 of the Federal Rules of Evidence.

I agree with EPAC that plaintiffs' testimony alone is not sufficient to establish liability for the negligent infliction of emotional or mental distress. In the absence of a physical injury, Mississippi law does not permit a recovery for mental or emotional distress where the allegations establish only simple negligence on the part of the defendant. *Sears, Roebuck & Co. v. Deavers*, 405 So.2d 898, 902 (Miss.1981). Where there is willful, wanton, malicious, outrageous or intentional misconduct, Mississippi law allows a recovery for mental and emotional distress without evidence of any physical injury and without expert medical testimony. *Franklin Collection Service, Inc.*, 955 So.2d 284 (Miss.2007); *Gamble ex rel. Gamble v. Dollar General Corp.*, 852 So.2d 5 (Miss.2003).

Thus, the question is not whether there is medical evidence of causation for the plaintiffs' mental or emotional distress.  Medical evidence would be necessary only if the plaintiffs were alleging physical harm as a result of the defendant's negligent actions.  This medical evidence would be admissible to establish the element of physical harm necessary to support a recovery for negligent infliction of emotional distress.  But in this action, no physical harm has been alleged, and therefore no medical evidence is necessary.  The plaintiffs have no cause of action for negligent infliction of emotional distress because they have suffered no physical harm.  The plaintiffs may, however, give their testimony in support of their claim of willful, bad faith misconduct by EPAC.

Therefore, I will not permit the plaintiffs to testify concerning the emotional or mental distress they claim to have experienced during the first phase of this bifurcated trial.  The first phase of the trial will be limited to the issue of what benefits, if any, are due under the insurance contract.  The issue of damages for mental and emotional distress will not be submitted to the jury in the second phase of trial unless the evidence concerning the defendant's conduct is sufficient to support a finding that this conduct was willful, wanton, malicious, outrageous or intentionally wrongful.  Since there is no allegation that the plaintiffs have sustained physical harm from the defendants' actions, there can be no recovery for emotional distress negligently inflicted.  Thus, if the evidence presented in the second phase of the trial would support no more than a finding of ordinary negligence, no award for mental or emotional distress will be permitted.

Accordingly, it is

**ORDERED**

That the motion [118] of Economy Premier Assurance Company to exclude the testimony of the plaintiffs concerning their subjective mental and emotional experiences they have alleged is **DENIED**, in accordance with the provisions of this opinion.  No evidence of the plaintiffs' subjective mental and emotional experiences will be permitted during the first phase of this bifurcated trial, and, unless the evidence in the second phase of the trial is sufficient to support a finding of willful, wanton, malicious, outrageous or intentional misconduct by the representatives of the defendant, no recovery for mental or emotional distress will be permitted.

**SO ORDERED** this 28th day of October, 2008.

                                                  s/ L. T. Senter, Jr.
                                                  L. T. SENTER, JR.
                                                  SENIOR JUDGE