UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DR. WILLIAM S. ROSS and CYNTHIA ROSS**                                 **PLAINTIFFS**

**V.**                                            **CIVIL ACTION NO.1:07CV521 LTS-RHW**

**METROPOLITAN PROPERTY and CASUALTY**
**INSURANCE COMPANY, ET AL.**                                            **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

The Court has before it Economy Premiere Assurance Company's (EPAC) motion [122] *in limine* seeking to exclude portions of Dr. Ross' anticipated testimony. This testimony concerns the condition of the insured dwelling after it was damaged in Hurricane Katrina and the reason the plaintiffs decided to demolish what was left of this building. For the reasons set out below, I will deny EPAC's motion, but I will limit Dr. Ross' testimony to his first hand observations and his own subjective reasoning process. Dr. Ross will not be permitted to give testimony that would require expertise in engineering or residential construction.

Dr. Ross has testified that after the storm he observed one of the building's remaining walls to be leaning and that he used a level to gauge the amount the wall was out of plumb. Dr. Ross then decided to demolish the remainder of the building. The reason for the demolition of this building is in dispute.

In support of its motion, EPAC asserts that Dr. Ross is not qualified as an expert in engineering or construction, and that he is therefore unqualified to express any opinion on whether the remainder of the insured dwelling was structurally sound. EPAC asserts that because of his lack of engineering or construction training, Dr. Ross should not be allowed to testify about his having observed a wall leaning or about his having measured the wall using a level to determine how much the wall was leaning.

The merits of this motion are governed by Rule 701 of the Federal Rules of Evidence:

> *If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in dispute, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.*

     Dr. Ross's anticipated testimony is based on his first-hand observation, aided by a relatively simple tool, and I believe his observation and measurement is permitted by Rule 701.  I will therefore admit his testimony concerning what he personally observed and did.  I will also allow Dr. Ross' testimony concerning his reasons for making the decision to demolish the remainder of the building.  However, I will not permit Dr. Ross to express an engineering opinion or conclusion based on his observations, i.e. he may not say that the demolition of the remainder of this building was required by building or construction practices with which he is not conversant. See: *Seal v. Miller*, 605 So.2d 240 (Miss.1992); *Ludlow Corp. v. Arkwright-Boston Mfrs. Mut. Co.*, 317 So.2d 47 (Miss.1975).  EPAC's counsel will be free to fully explore the circumstances and quality of Dr. Ross' observations and his ability to use a level to make the measurement he undertook.  EPAC's counsel will also have a full and fair opportunity to question Dr. Ross concerning the reason he made the decision to demolish the remainder of the insured dwelling.

     Accordingly, it is

**ORDERED**

     That Economy Premier Assurance Company's motion [122] to exclude the testimony of Dr. Ross concerning his observation and measurement of a wall in the part of the insured dwelling left standing after the storm will be **DENIED**.  Dr. Ross will be permitted to testify about his personal observations, his measurements, and the actions he took with respect to the decision to demolish the remainder of the insured dwelling.  Dr. Ross will not be permitted to express any engineering opinion or any opinion concerning construction standards or practices related to the demolition of this building.

     **SO ORDERED** this 30th day of October, 2008.

     s/ L. T. Senter, Jr.
     L. T. SENTER,JR.
     SENIOR JUDGE