UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DR. WILLIAM S. ROSS and CYNTHIA ROSS                                  PLAINTIFFS

V.                                                CIVIL ACTION NO.1:07CV521 LTS-RHW

METROPOLITAN PROPERTY and CASUALTY
INSURANCE COMPANY, ET AL.                                             DEFENDANTS

## MEMORANDUM OPINION AND ORDER

The Court has before it Economy Premiere Assurance Company's (EPAC) motion [81] *in limine* seeking to exclude portions of the anticipated testimony of Ted Biddy (Biddy), one of the plaintiffs' expert witnesses. This anticipated testimony concerns Biddy's estimate of the cost plaintiffs would incur in rebuilding their insured dwelling.

EPAC asserts four grounds for excluding Biddy's testimony:

1. Biddy's opinion was provided in an untimely manner;

2. Biddy's testimony is merely cumulative;

3. Biddy's testimony is irrelevant because it states replacement cost, and the insured dwelling has not yet been replaced; and

4. Biddy is not qualified to give an opinion on reconstruction cost under *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1992) and Rule 703 of the Federal Rules of Evidence.

### The Relevance of Biddy's Opinion

I take up EPAC's grounds for objection out of order because I believe its third assertion, that Biddy's testimony is irrelevant because the plaintiffs have not yet completed their replacement of the insured dwelling, has been waived.

At the pre-trial conference EPAC's representative acknowledged that the plaintiffs were entitled to recover the replacement cost of the insured dwelling. In reliance on this admission, I have ruled that the cost the plaintiffs have incurred and will incur for their new residence, which is very different from the insured dwelling in design, is not relevant to the amount EPAC may owe under its replacement cost coverage.

The EPAC replacement cost coverage is measured by the amount it would have cost the plaintiffs to replicate the insured dwelling, and, to the extent that Biddy's proposed testimony concerns that replication cost, it meets the relatively low threshold of relevance under Rule 401 of the Federal Rules of Evidence.

### The Cumulative Nature of Biddy's Testimony

Plaintiffs have designated Terry Lewis (Lewis) as a "may call" witness in the pre-trial order.  The plaintiffs designated Lewis as "an expert witness in the field of contracting and in particular in estimating costs for repairs, renovations and construction." In a report dated September 20, 2007, Lewis gave an estimated cost of reconstruction of $623,420.  Without hearing the testimony of Lewis and Biddy, I cannot say whether their testimony would be cumulative.  Because I have concluded that Biddy's replacement cost opinion was neither timely disclosed nor properly supported, this contention is moot.

### The Timeliness and Substance of Biddy's Supplemental Opinion

Biddy's original opinion, reduced to writing on April 3, 2006, and disclosed to the defendant on October 30, 2007, was that the reconstruction cost for the plaintiffs' insured dwelling was $769,745.  On July 3, 2008, the final day for discovery in this action, plaintiffs served a supplemental reconstruction estimate made by Biddy.  Biddy's second opinion (his supplemental opinion) was that the reconstruction cost was $1,406,582.  Biddy's supplemental report was not supplied until after Biddy's deposition was taken on June 13, 2008.

In order to render an opinion concerning the cost of replicating the insured dwelling, Biddy must meet the requirements of Rule 702 of the Federal Rules of Evidence.  *Daubert v. Merrill Dow Pharmaceuticals, Inc*., 509 U.S. 579 (1992) and its progeny require that the expert follow procedures that are generally recognized within his area of expertise in reaching his opinions.  An expert is obliged to disclose the facts upon which he relies in reaching his opinions.

On August 30, 2007, United States District Judge Halil S. Ozerden entered an order [78] in the case styled *St. Charles Condominium Homeowners Association, Inc., v. Landmark American Insurance Company*, Civil Action No. 1:06cv632 HSO-RHW, prohibiting Biddy from testifying to replacement cost estimates based on the data in RSMeans Building Construction Cost Data, published by R. S. Means Company (R.S.M.), the same data Biddy relied upon in this case for his original replacement cost estimate.  After conducting a Daubert hearing, Judge Ozerden ruled that the R.S.M. data was not sufficiently specific to the facts of that case to support Biddy's proposed testimony.  Biddy was in other respects qualified as an expert and permitted to testify on engineering matters including the cause of damage to the insured property and other wind versus water issues.

Uniform Local Rule 26.1(A)(2)(e) provides that "[a] party is required to supplement an expert's opinion in accordance with F. R. Civ. P. 26(e)." Uniform Local Rule 26.1(A)(2)(c) states, in relevant part, that "[t]he court will allow the subsequent designation and/or discovery of expert witnesses only upon a showing of good cause."

Biddy's supplemental report uses a cost of $175 per square foot as the starting point in his calculations. His report indicates that this $175 per square foot figure is derived entirely from Biddy's discussion with "several local contractors." He identifies only one individual "local house builder," Carl B. Hamilton, who reported to Biddy "that the going rate for the base cost of such construction ranges from $150.00 to $176.00 per square foot. From this starting point, Biddy applies no expertise; he merely makes an arithmetic calculation multiplying 5,760 square feet by this $175 base cost to arrive at the figure of $1,008,000 to which he adds $215,115 in amenities and $91,990 in "Contractor's usual 15% markup for O. H. & Profit" to arrive at this total estimate of $1,406,582

In my opinion, Biddy's proposed testimony does not meet the requirements of *Daubert*. A conversation with only a single identified local builder is simply not sufficient to demonstrate that Biddy's cost estimate has any validity. Nor am I satisfied with the timing of Biddy's supplemental report. In light of Judge Ozerden's ruling on the use of the R.S.M. data, I can understand the plaintiffs' need to make appropriate adjustments in their trial strategy and the evidence they wish to present. Had the plaintiffs applied to the Court, I would likely have considered this good cause to allow a timely and orderly supplementation of Biddy's original report *with* an appropriate extension of the discovery deadline to allow EPAC to respond as necessary in light of any new evidence the plaintiffs then disclosed. But I do not believe the filing of a "supplemental report" that nearly doubles Biddy's original replacement cost estimate with the skeletal disclosure concerning the facts Biddy relies upon is fair to EPAC. The timing of the "supplementation" is very troublesome in that it came after Biddy's deposition and at the close of discovery. The timing of Biddy's supplemental report leads me to the conclusion that EPAC has not had a full and fair opportunity to meet Biddy's proposed reconstruction cost testimony. The lack of substance disclosed by the report leads me to the conclusion that Biddy's proposed opinion rests on an inadequate foundation. For these reasons, I will grant the defendant's motion, and I will exclude the portion of Biddy's proposed testimony that concerns the cost of reconstruction of the insured dwelling.

Accordingly, it is

**ORDERED**

That Economy Premier Assurance Company's motion [81] to exclude the testimony of Ted Biddy concerning the reconstruction cost of the plaintiffs' dwelling is **GRANTED**.

**SO ORDERED** this 3rd day of November, 2008.

                 s/ L.T.  Senter, Jr.
                 L. T. SENTER, JR.
                 SENIOR JUDGE